**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Jamal A. Middleton and** ) | 2:26-cv-01837-DCN-MHC |
| **Sylvia N. Middleton** ) | **CIVIL ACTION NUMBER** |
| Plaintiffs, *Pro Se* ) | |
| **vs.** ) | |
| ) | |
| **Rushmore Loan Management Services LLC;** ) | **COMPLAINT** |
| **Nationstar Mortgage LLC d/b/a** ) | |
| **Rushmore Servicing; Wilmington Savings** ) | **JURY TRIAL DEMANDED** |
| **Fund, FSB, not in its individual capacity but** ) | |
| **but solely as Owner Trustee for CSMC 2022-** ) | |
| **RPL2 Trust; DLJ Mortgage Capital, Inc;** ) | |
| **U.S. Bank National Association, not in its** ) | |
| **individual capacity but Solely as Trustee for** ) | |
| **RMAC Trust, Series 2016-CTT; John Doe** ) | |
| **Servicing Vendors 1-10; John Doe Property** ) | |
| **Preservation Vendors 1–10; John Doe Credit** ) | |
| **Reporting Agents 1–10,** ) | |
| Defendants ) | |

# INTRODUCTION

**1.** This action arises from years of unlawful mortgage servicing practices, credit reporting violations, illegal fee stacking, harassment, breach of a court-approved settlement, and wrongful foreclosure conduct perpetrated by Rushmore Loan Management Services LLC, Nationstar Mortgage LLC d/b/a Rushmore Servicing, Wilmington Savings Fund Society, and their predecessors, affiliates, and agents.

**2.** Plaintiffs Jamal and Sylvia Middleton, a married couple residing in North Charleston, South Carolina, have endured severe financial, emotional, and physical harm as a result of Defendants' systemic misconduct, including:

- Misapplication of payments
- Fabrication and retroactive addition of corporate advances
- Failure to credit payments
- Suppression of credit reporting for over two years
- Harassment at their home, including repeated property intrusions
- Violations of the 2021 Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**
- Contradictory and deceptive communications
- Illegal debt collection practices
- Initiation of foreclosure based on false accounting
- Targeting a disabled educator and disabled veteran household

**3.** Plaintiffs bring this action under RESPA, FDCPA, FCRA, ECOA, TILA, SCUTPA, and South Carolina common law to obtain:

- Actual damages
- Statutory damages
- Emotional distress damages
- Punitive damages
- Treble damages
- Attorneys' fees
- Injunctive relief halting foreclosure
- Correction of credit reporting
- Voiding of illegal fees
- Enforcement of the 2021 Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**
- A full accounting

**4.** Plaintiffs also seek a Temporary Restraining Order and Preliminary Injunction to immediately halt the ongoing foreclosure action in Charleston County (2025-CP-10-01301) pending resolution of this federal case **[See Exhibit 8 — 2025 Foreclosure Complaint]**.

# I.   JURISDICTION AND VENUE

**5.** This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims under:

- RESPA, 12 U.S.C. § 2605
- FDCPA, 15 U.S.C. § 1692
- FCRA, 15 U.S.C. § 1681
- ECOA, 15 U.S.C. § 1691
- TILA, 15 U.S.C. § 1601

**6.** This Court has diversity jurisdiction under 28 U.S.C. § 1332 because:

- Plaintiffs are citizens of South Carolina
- Defendants are citizens of Delaware, Texas, Minnesota, New York, and other states
- The amount in controversy exceeds $75,000

**7.** This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims, including:

- Breach of Contract
- Breach of Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**
- Negligence
- Fraud
- SCUTPA
- Wrongful Foreclosure

2

- Abuse of Process
- Invasion of Privacy
- Accounting

**8.** Venue is proper in the Charleston Division under 28 U.S.C. § 1391 because:

- The property at issue is located in Charleston County **[See Exhibit 8 — 2025 Foreclosure Complaint]**
- Plaintiffs reside in Charleston County
- A substantial part of the events giving rise to the claims occurred in this District

# II.  PARTIES

## Plaintiffs

**9.** Sylvia N. Middleton is a resident of North Charleston, South Carolina, a public school educator, and a disabled borrower who has been subjected to years of unlawful servicing practices **[See Exhibit 7 — Disability Documentation & Accommodation Requests]**.

**10.** Jamal A. Middleton is a resident of North Charleston, South Carolina, a partially disabled United States Army veteran, and the spouse of Sylvia Middleton. He is known by Defendants as a documented, authorized third party. He has handled almost all communications and business with Defendants due to Sylvia's disability and has personally suffered damages as a result of Defendants' conduct. **[See Exhibit 7 — Disability Documentation & Accommodation Requests]**.

## Defendants

**11.** Rushmore Loan Management Services LLC is a mortgage servicer headquartered in California and Texas, conducting business in South Carolina.

**12.** Nationstar Mortgage LLC d/b/a Rushmore Servicing is a mortgage servicer headquartered in Texas, conducting business in South Carolina.

**13.** Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for CSMC 2022-RPL2 Trust, claims to be the current mortgagee.

**14.** DLJ Mortgage Capital, Inc. is a mortgage loan purchaser and securitization entity involved in the chain of assignments.

**15.** U.S. Bank National Association, not in its individual capacity but solely as Trustee for RMAC Trust, Series 2016-CTT, previously claimed ownership of the loan.

**16.** John Doe Servicing Vendors 1–10, John Doe Property Preservation Vendors 1–10, and John Doe Credit Reporting Agents 1–10 are unknown entities whose identities will be revealed through discovery.

3

# III. FACTUAL BACKGROUND

## A. The Middleton's Loan, Home, and Longstanding Disability-Related Vulnerabilities

17. Plaintiffs Jamal and Sylvia Middleton are a married couple residing at 1406 Monitor Street, North Charleston, South Carolina. They have lived in their home since 2008 and have made every reasonable effort to preserve it despite years of servicer misconduct.

18. Sylvia Middleton is a public school educator with chronic medical conditions that substantially limit major life activities. She relies on employer-provided health insurance and cannot risk interruptions in employment caused by litigation ambushes, surprise hearings, or harassment [See Exhibit 7 — Disability Documentation & Accommodation Requests].

19. Jamal Middleton is a United States Army Veteran with service-connected disabilities, chronic back pain, and other neurological conditions. Due to Sylvia's health limitations, Jamal has handled all communications with Defendants for years.

20. Defendants have been repeatedly notified of Plaintiffs' disabilities and the need for reasonable accommodations, including clear communication, accurate accounting, and avoidance of unnecessary or duplicative fees [See Exhibit 7 — Disability Documentation & Accommodation Requests].

21. Despite this knowledge, Defendants engaged in a pattern of conduct that exacerbated Plaintiffs' disabilities, caused severe emotional distress, and placed their home at constant risk.

## B. The 2018–2021 Servicing Misconduct and the 2021 Settlement Agreement

22. Beginning as early as 2017, Plaintiffs experienced persistent errors by Nationstar/Mr. Cooper and Rushmore Loan Management Services, including: [See Exhibit 13 — holding payments in "suspense"]

- Misapplication of payments
- Holding payments in suspense
- Failure to apply payments to principal and interest
- Inaccurate delinquency calculations
- Unexplained corporate advances
- Contradictory loss mitigation instructions
- Harassing property inspections

**23.** In 2018, Defendants initiated foreclosure proceedings based on their own accounting errors **[See Exhibit 3 — Payment History & Fee Log]**.

**24.** Plaintiffs fought for years to correct the errors, repeatedly submitting documents, hardship letters, and financial information.

**25.** On March 1, 2021, Plaintiffs entered into a Confidential Settlement and Release Agreement with U.S. Bank (as trustee), Rushmore Loan Management Services, and related entities **[See Exhibit 1 — 2021 Settlement Agreement]**.

**26.** Under the Agreement:

- Plaintiffs completed a Trial Payment Plan **[See Exhibit 2 — Trial Payment Plan & Permanent Modification]**
- A permanent loan modification would follow **[See Exhibit 2 — Trial Payment Plan & Permanent Modification]**
- The foreclosure action would be dismissed
- The parties would be restored to a clean slate
- Rushmore agreed to confidentiality and to cease collection of disputed pre-modification fees
- Plaintiffs released claims only up to the date of the Agreement
- Defendants expressly retained the right to foreclose only for future defaults, not for pre-modification disputes

**27.** Plaintiffs successfully completed the Trial Payment Plan and the permanent modification was executed **[See Exhibit 2 — Trial Payment Plan & Permanent Modification]**.

**28.** The foreclosure action was dismissed, and Plaintiffs resumed regular monthly payments.

**29.** Plaintiffs reasonably believed that all prior disputes, fees, and corporate advances were extinguished under the Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**.

# C. Defendants' Post-Settlement Misconduct (2021–2025)

**30.** Immediately after the modification, Defendants began engaging in new misconduct, including:

- Adding corporate advances that pre-dated the settlement
- Re-introducing fees that were extinguished by the Agreement
- Failing to credit payments
- Miscalculating escrow
- Failing to report payments to credit bureaus
- Conducting repeated property inspections
- Sending agents to Plaintiffs' home without notice
- Providing contradictory instructions
- Ignoring written disputes

5

**31.** Plaintiffs' payment history indicates there are at least **95 separate "Lender Paid Expense Adjustments"** — many of which correspond to fees that should have been extinguished by the 2021 Settlement Agreement **[See Exhibit 3 — Payment History & Fee Log]**.

**32.** These fees include:

- Litigation fees
- Foreclosure fees
- Property inspection fees
- Corporate advances
- Escrow advances

**33.** Many of these charges were incurred before the 2021 Settlement Agreement and were therefore illegal to collect **[See Exhibit 1 — 2021 Settlement Agreement]**.

**34.** Defendants' own December 4, 2023 CFPB response admits:

"The above referenced fees were not incorporated into the 2021 loan modification agreement." **[See Exhibit 4 — CFPB Response / Servicer Admission]**

**35.** Despite this admission, Defendants continued to carry these fees on Plaintiffs' account and used them to inflate the alleged delinquency.

# D. Credit Reporting Suppression and Interference With Refinancing

**36.** From 2021 through 2023, Defendants failed to report Plaintiffs' timely mortgage payments to the credit bureaus.

**37.** Plaintiffs discovered this only after being denied refinancing opportunities.

**38.** Plaintiffs filed CFPB Complaint No. 231117-12530848, documenting that Rushmore had suppressed two years of positive payment history **[See Exhibit 5 — Credit Reporting Suppression Evidence]**.

**39.** This suppression:

- Lowered Plaintiffs' credit scores
- Prevented refinancing
- Increased Plaintiffs' interest costs
- Trapped Plaintiffs in an inflated mortgage
- Violated FCRA and RESPA

**40.** Defendants never corrected the reporting.

6

# E. Harassment, Property Intrusions, and Emotional Distress

**41.** Defendants repeatedly sent property preservation agents to Plaintiffs' home, including:

- Taking photographs of Plaintiffs' minor child
- Approaching the home multiple times in a single day
- Driving past the home repeatedly
- Causing fear, anxiety, and emotional distress
  **[See Exhibit 6 — Property Intrusion Photos & Logs]**

**42.** Plaintiffs repeatedly notified Defendants that these intrusions were dangerous and unacceptable.

**43.** Defendants ignored these warnings and continued the conduct.

# F. The 2023–2025 Servicing Transfer and the "Phantom Fees"

**44.** In October 2023, the loan was transferred from Rushmore Loan Management Services to Nationstar Mortgage LLC d/b/a Rushmore Servicing **[See Exhibit 10 — Servicing Transfer Notices]**.

**45.** Upon transfer, Defendants added:

- A $4,376 "corporate advance balance" fees on 12/27/2019
- Additional unexplained fees
- Increased monthly payments

**46.** Plaintiffs immediately disputed these charges in writing **[See Exhibit 9 — Notices of Error, Disputes, Correspondence]**.

**47.** Defendants responded with contradictory explanations, including:

- "These fees were paid by the lender."
- "These fees were not included in the modification."
- "These fees cannot be waived."
- "We are investigating."

**48.** Plaintiffs filed CFPB Complaint No. 231116-12528496 **[See Exhibit 4 — CFPB Response / Servicer Admission]**.

**49.** Defendants' written response admitted the fees were not included in the modification — confirming they were illegally added.

7

## G. The 2024–2025 Foreclosure Action Based on False Accounting

**50.** On March 10, 2025, Wilmington Savings Fund Society filed a foreclosure action in Charleston County (2025-CP-10-01301) **[See Exhibit 8 — 2025 Foreclosure Complaint]**.

**51.** The foreclosure complaint falsely alleges:

- Plaintiffs failed to make payments after April 1, 2024
- Plaintiffs owe $203,343.36
- Plaintiffs owe corporate advances
- Plaintiffs owe legal fees
- Plaintiffs owe inspection fees

**52.** These allegations are false because:

- Plaintiffs made payments
- Defendants misapplied payments
- Defendants added illegal fees
- Defendants suppressed credit reporting
- Defendants breached the 2021 Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**

**53.** The foreclosure is based entirely on Defendants' own misconduct.

## H. Plaintiffs' Damages

**54.** As a direct result of Defendants' conduct, Plaintiffs have suffered:

- Emotional distress
- Anxiety, fear, and sleep disruption
- Damage to credit
- Loss of refinancing opportunities
- Increased interest costs
- Out-of-pocket expenses
- Time lost from work
- Medical exacerbation of disabilities
- Harassment and invasion of privacy
- Risk of losing their home

**55.** Plaintiffs now bring this action to stop the foreclosure, correct the accounting, enforce the settlement, and obtain damages.

8

# IV. CAUSES OF ACTION

# COUNT 1 — Violations of the Real Estate Settlement Procedures Act (RESPA)

**12 U.S.C. § 2605(e), (k); 12 C.F.R. § 1024.35, § 1024.36**
*(Against Rushmore Loan Management Services LLC and Nationstar Mortgage LLC)*

**56.** Plaintiffs incorporate all preceding paragraphs.

**57.** Plaintiffs submitted multiple written disputes, Qualified Written Requests (QWRs), Notices of Error (NOEs), and Requests for Information (RFIs) to Rushmore and Nationstar/Rushmore Servicing **[See Exhibit 9 — Notices of Error, Disputes, Correspondence]**.

**58.** Defendants failed to:

- Acknowledge receipt within statutory deadlines
- Conduct reasonable investigations
- Correct errors
- Provide requested information
- Cease collection during dispute periods
- Provide accurate accounting

**59.** Defendants continued collection activity, added fees, and initiated foreclosure while disputes were pending, violating RESPA § 2605(k) **[See Exhibit 3 — Payment History & Fee Log]**.

**60.** Plaintiffs suffered actual damages including:

- Increased mortgage balance
- Loss of equity
- Illegal fees
- Emotional distress
- Credit harm
- Loss of refinancing opportunities

**61.** Plaintiffs are entitled to actual damages, statutory damages, and attorneys' fees.

# COUNT 2 — Violations of the Fair Debt Collection Practices Act (FDCPA)

**15 U.S.C. §§ 1692d, 1692e, 1692f**
*(Against Rushmore Loan Management Services LLC and Nationstar Mortgage LLC)*

9

62. Plaintiffs incorporate all preceding paragraphs.

63. Defendants acted as "debt collectors" because:

- They acquired servicing rights after the loan was allegedly in default
- They attempted to collect amounts not owed
- They used false, deceptive, and misleading representations

64. Defendants violated the FDCPA by:

- Attempting to collect fees extinguished by the 2021 Settlement Agreement **[See Exhibit 1 — 2021 Settlement Agreement]**
- Misrepresenting the amount of the debt
- Threatening foreclosure based on false accounting **[See Exhibit 8 — 2025 Foreclosure Complaint]**
- Harassing Plaintiffs with repeated property intrusions **[See Exhibit 6 — Property Intrusion Photos & Logs]**
- Failing to validate the debt
- Using unfair and unconscionable means to collect

65. Plaintiffs suffered actual damages and are entitled to statutory damages and attorneys' fees.

# COUNT 3 — Violations of the Fair Credit Reporting Act (FCRA)

**15 U.S.C. § 1681s-2(b)**
*(Against Rushmore Loan Management Services LLC and Nationstar Mortgage LLC)*

66. Plaintiffs incorporate all preceding paragraphs.

67. Defendants failed to report Plaintiffs' timely mortgage payments for more than two years **[See Exhibit 5 — Credit Reporting Suppression Evidence]**.

68. Plaintiffs disputed the reporting failures with the CFPB and directly with Defendants **[See Exhibit 5 — Credit Reporting Suppression Evidence]**.

69. Defendants failed to:

- Conduct reasonable investigations
- Correct inaccurate reporting
- Report complete and accurate information

70. Plaintiffs suffered:

- Lower credit scores
- Loss of refinancing opportunities
- Increased interest costs

10

- Emotional distress

**71.** Plaintiffs are entitled to actual, statutory, and punitive damages.

# COUNT 4 — Violations of the Equal Credit Opportunity Act (ECOA)

**15 U.S.C. § 1691; 12 C.F.R. § 1002.9**
*(Against Rushmore Loan Management Services LLC and Nationstar Mortgage LLC)*

**72.** Plaintiffs incorporate all preceding paragraphs.

**73.** Defendants repeatedly demanded duplicative documents, contradicted themselves, and failed to provide required adverse action notices during loss mitigation.

**74.** Defendants' conduct disproportionately harmed Plaintiffs due to their disabilities **[See Exhibit 7 — Disability Documentation & Accommodation Requests]**.

**75.** Defendants failed to provide clear, timely, and accurate decisions on credit applications, including modification and reinstatement requests.

**76.** Plaintiffs are entitled to actual and punitive damages.

# COUNT 5 — Violations of the Truth in Lending Act (TILA)

**15 U.S.C. § 1601 et seq.**
*(Against Rushmore Loan Management Services LLC and Nationstar Mortgage LLC)*

**77.** Plaintiffs incorporate all preceding paragraphs.

**78.** Defendants failed to provide accurate periodic statements, failed to disclose fees, and added charges not authorized by the loan documents or modification **[See Exhibit 3 — Payment History & Fee Log]**.

**79.** Plaintiffs suffered actual damages.

# COUNT 6 — Breach of the 2021 Settlement Agreement

*(Against Rushmore Loan Management Services LLC, U.S. Bank, and Wilmington Savings Fund Society)*

11

**80.** Plaintiffs incorporate all preceding paragraphs.

**81.** The 2021 Settlement Agreement required:

- Dismissal of the foreclosure
- A clean slate
- No collection of pre-modification fees
- Accurate accounting
- Good-faith servicing
  **[See Exhibit 1 — 2021 Settlement Agreement]**

**82.** Defendants breached the Agreement by:

- Re-adding pre-modification fees
- Adding corporate advances from 2019–2021
- Using those fees to inflate delinquency
- Initiating foreclosure based on extinguished charges
  **[See Exhibit 3 — Payment History & Fee Log]**
  **[See Exhibit 8 — 2025 Foreclosure Complaint]**

**83.** Plaintiffs suffered actual damages and are entitled to enforcement and compensation.

# COUNT 7 — Breach of Contract

*(Against All Defendants)*

**84.** Plaintiffs incorporate all preceding paragraphs.

**85.** Defendants breached the Note, Mortgage, and Modification Agreement by:

- Misapplying payments
- Adding unauthorized fees
- Failing to credit payments
- Failing to provide accurate statements
- Initiating foreclosure without default
  **[See Exhibit 3 — Payment History & Fee Log]**
  **[See Exhibit 2 — Trial Payment Plan & Permanent Modification]**

**86.** Plaintiffs suffered actual damages.

# COUNT 8 — Breach of the Implied Covenant of Good Faith and Fair Dealing

*(Against All Defendants)*

**87.** Plaintiffs incorporate all preceding paragraphs.

88. Defendants acted in bad faith by:

- Manipulating accounting
- Suppressing credit reporting **[See Exhibit 5 — Credit Reporting Suppression Evidence]**
- Harassing Plaintiffs **[See Exhibit 6 — Property Intrusion Photos & Logs]**
- Creating false defaults
- Exploiting Plaintiffs' disabilities **[See Exhibit 7 — Disability Documentation & Accommodation Requests]**

89. Plaintiffs suffered actual damages.

# COUNT 9 — Negligence

*(Against All Defendants)*

90. Plaintiffs incorporate all preceding paragraphs.

91. Defendants owed Plaintiffs a duty to service the loan with reasonable care.

92. Defendants breached that duty by:

- Failing to maintain accurate records
- Failing to fully investigate disputes **[See Exhibit 9 — Notices of Error, Disputes, Correspondence][See Exhibit 12— Payment Status and Review Request]**
- Failing to apply payments correctly **[See Exhibit 3 — Payment History & Fee Log]**

93. Plaintiffs suffered damages.

# COUNT 10 — Negligent Misrepresentation

*(Against All Defendants)*

94. Plaintiffs incorporate all preceding paragraphs.

95. Defendants repeatedly provided false information regarding: **[See Exhibit 12— Payment Status and Review Request]**

- Payment status
- Fees owed
- Corporate advances
- Credit reporting
- Modification terms

96. Plaintiffs relied on these misrepresentations to their detriment.

13

# COUNT 11 — Fraud and Fraudulent Concealment

*(Against All Defendants)*

97. Plaintiffs incorporate all preceding paragraphs.

98. Defendants knowingly concealed:

- The true accounting **[See Exhibit 3 — Payment History & Fee Log]**
- The re-addition of extinguished fees **[See Exhibit 1 — 2021 Settlement Agreement]**
- The suppression of credit reporting **[See Exhibit 5 — Credit Reporting Suppression Evidence]**
- The use of illegal fees to justify foreclosure **[See Exhibit 8 — 2025 Foreclosure Complaint]**

99. Defendants acted with intent to induce payment of amounts not owed.

100. Plaintiffs suffered actual and punitive damages.

# COUNT 12 — South Carolina Unfair Trade Practices Act (SCUTPA)

**S.C. Code Ann. § 39-5-10 et seq.**
*(Against All Defendants)*

101. Plaintiffs incorporate all preceding paragraphs.

102. Defendants' conduct constitutes unfair and deceptive acts affecting the public interest, including:

- Illegal fee stacking **[See Exhibit 3 — Payment History & Fee Log]**
- False accounting
- Harassment **[See Exhibit 6 — Property Intrusion Photos & Logs]**
- Credit suppression **[See Exhibit 5 — Credit Reporting Suppression Evidence]**
- Breach of settlement agreements **[See Exhibit 1 — 2021 Settlement Agreement]**
- Wrongful foreclosure **[See Exhibit 8 — 2025 Foreclosure Complaint]**

103. Plaintiffs are entitled to treble damages and attorneys' fees.

# COUNT 13 — Wrongful Foreclosure (Attempted)

14

*(Against Wilmington Savings Fund Society and Rushmore Servicing)*

104. Plaintiffs incorporate all preceding paragraphs.

105. Defendants initiated foreclosure based on:

- False delinquency
- Illegal fees **[See Exhibit 3 — Payment History & Fee Log]**
- Misapplied payments
- Breach of settlement agreement **[See Exhibit 1 — 2021 Settlement Agreement]**

106. Plaintiffs suffered damages including emotional distress and legal expenses.

# COUNT 14 — Abuse of Process

*(Against Wilmington Savings Fund Society and Rushmore Servicing)*

107. Plaintiffs incorporate all preceding paragraphs.

108. Defendants used the foreclosure process to:

- Coerce payment of illegal fees
- Pressure Plaintiffs to sell their home
- Harass and intimidate

109. Plaintiffs suffered damages.

# COUNT 15 — Invasion of Privacy / Intrusion Upon Seclusion

*(Against Rushmore Loan Management Services LLC and Property Preservation Vendors)*

110. Plaintiffs incorporate all preceding paragraphs.

111. Defendants repeatedly sent agents to Plaintiffs' home without justification, including photographing Plaintiffs and their minor child **[See Exhibit 6 — Property Intrusion Photos & Logs]**.

112. This conduct was highly offensive and caused emotional distress.

Here is **COUNTS 16–20**, fully formatted with:

- **Paragraph numbers continuing from 112**
- **Exhibit placeholders (Option C)** where appropriate
- **Your exact wording preserved**
- **Clean, federal-ready structure**

15

# COUNT 16 — Harassment

*(Against All Defendants)*

**113.** Plaintiffs incorporate all preceding paragraphs.

**114.** Defendants' repeated intrusions, contradictory communications, and aggressive collection tactics constitute harassment **[See Exhibit 6 — Property Intrusion Photos & Logs]**.

# COUNT 17 — Accounting

*(Against All Defendants)*

**115.** Plaintiffs incorporate all preceding paragraphs.

**116.** Plaintiffs request a full, court-ordered accounting of:

- All payments
- All fees
- All corporate advances
- All escrow transactions
- All credit reporting transmissions
  **[See Exhibit 3 — Payment History & Fee Log]**
  **[See Exhibit 5 — Credit Reporting Suppression Evidence]**

# COUNT 18 — Declaratory Judgment

*(Against All Defendants)*

**117.** Plaintiffs incorporate all preceding paragraphs.

**118.** Plaintiffs seek a declaration that:

- The foreclosure is unlawful **[See Exhibit 8 — 2025 Foreclosure Complaint]**
- The disputed fees are void **[See Exhibit 3 — Payment History & Fee Log]**
- The 2021 Settlement Agreement controls **[See Exhibit 1 — 2021 Settlement Agreement]**
- Plaintiffs are not in default

# COUNT 19 — Injunctive Relief

*(Against All Defendants)*

16

119. Plaintiffs incorporate all preceding paragraphs.

120. Plaintiffs seek:

- A Temporary Restraining Order
- A Preliminary Injunction
- A Permanent Injunction
  to halt foreclosure and prevent further misconduct [See Exhibit 8 — 2025 Foreclosure Complaint].

# COUNT 20 — Punitive Damages

*(Against All Defendants)*

121. Plaintiffs incorporate all preceding paragraphs.

122. Defendants' conduct was willful, wanton, reckless, and malicious.

123. Plaintiffs are entitled to punitive damages.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs **Jamal A. Middleton** and **Sylvia N. Middleton** respectfully request that this Court enter judgment in their favor and against all Defendants, jointly and severally, and award the following relief:

## A. Declaratory Relief

124. A declaration that Plaintiffs are not in default under the Note, Mortgage, or Modification Agreement.

125. A declaration that the 2021 Settlement Agreement remains valid, enforceable, and binding on all successor servicers, trustees, and assignees [See Exhibit 1 — 2021 Settlement Agreement].

126. A declaration that the corporate advances, litigation fees, inspection fees, and other charges added after the 2021 Settlement Agreement are void, unlawful, and uncollectible [See Exhibit 3 — Payment History & Fee Log].

127. A declaration that the foreclosure action filed in Charleston County (2025-CP-10-01301) is unlawful and based on false accounting [See Exhibit 8 — 2025 Foreclosure Complaint].

17

## B. Injunctive Relief

128. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction prohibiting Defendants from:

- Continuing or initiating foreclosure proceedings;
- Scheduling or conducting a foreclosure sale;
- Reporting Plaintiffs as delinquent;
- Adding or collecting disputed fees;
- Engaging in property intrusions or harassment;
- Transferring servicing or ownership without full accounting.

129. An order compelling Defendants to provide a complete, accurate, and court-supervised accounting of all payments, fees, corporate advances, escrow transactions, and credit reporting transmissions from 2017 to present **[See Exhibit 3 — Payment History & Fee Log]**.

## C. Economic Damages

130. Actual damages for:

- Misapplied payments
- Illegal fees
- Increased interest costs
- Loss of equity
- Loss of refinancing opportunities
- Out-of-pocket expenses
- Credit score damage
- Costs associated with defending wrongful foreclosure

131. Restitution of all amounts improperly charged or collected.

## D. Statutory Damages

132. Statutory damages under:

- RESPA (12 U.S.C. § 2605)
- FDCPA (15 U.S.C. § 1692k)
- FCRA (15 U.S.C. § 1681n, § 1681o)
- ECOA (15 U.S.C. § 1691e)
- TILA (15 U.S.C. § 1640)

## E. Treble Damages

133. Treble damages under the South Carolina Unfair Trade Practices Act (SCUTPA) for Defendants' willful and repeated unfair and deceptive acts.

18

## F. Emotional Distress and Special Damages

**134.** Compensation for emotional distress, mental anguish, humiliation, anxiety, and physical exacerbation of Plaintiffs' disabilities caused by Defendants' conduct.

**135.** Damages for interference with Sylvia Middleton's employment and health insurance stability as a public school educator.

**136.** Damages for harm to Jamal Middleton as a disabled veteran forced to manage years of servicer misconduct.

## G. Punitive Damages

**137.** Punitive damages for Defendants' willful, wanton, reckless, malicious, and oppressive conduct, including:

- Illegal fee stacking
- Harassment
- Fraudulent concealment
- Suppression of credit reporting
- Violation of a court-approved settlement
- Attempted wrongful foreclosure

## H. Attorneys' Fees and Costs

**138.** Reasonable attorneys' fees and litigation costs under federal and state statutes, including:

- RESPA
- FDCPA
- FCRA
- ECOA
- SCUTPA
- South Carolina common law

## I. Additional Equitable Relief

**139.** An order compelling Defendants to:

- Correct all negative or inaccurate credit reporting;
- Report all missing positive payment history;
- Remove all unlawful fees from Plaintiffs' account;
- Reinstate the loan under accurate terms;
- Cease all harassment and property intrusions;
- Implement reasonable disability accommodations.

## J. Any Other Relief

**140.** Any further relief the Court deems just, proper, and equitable in the interests of justice.

# VI. JURY DEMAND

**141.** Plaintiffs demand a trial by jury on all issues so triable.

The Plaintiffs, pro se, swear on this day May 5,2026, the above to be true to the best of our recollection.

Respectfully submitted,

Jamal A. Middleton
1406 Monitor Street
North Charleston, SC 29405
Phone: 843-709-3079
Email: jmiddleton@midtownglobal.com

Sylvia N. Middleton
1406 Monitor Street
North Charleston, SC 29405
Phone: 8434374049
Email: sylviamiddleton01@gmail.com

Plaintiffs, Pro Se

20