UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamal A. Middleton; Sylvia N. Middleton, *a/k/a Sylvia Conyers*,<br><br>Plaintiffs,<br><br>v.<br><br>Rushmore Loan Management Services, LLC; Nationstar Mortgage, LLC; Wilmington Savings Fund, FSB; DLJ Mortgage Capital, Inc.; U.S. Bank National Association; John Doe Servicing Vendors 1-10; John Doe Property Preservation Vendors 1-10; John Doe Credit Reporting Agents 1-10,<br><br>Defendants. | C/A No. 2:26-cv-01837-DCN-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by Plaintiffs Jamal A. Middleton and Sylvia N. Middleton, pro se litigants. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Plaintiffs name Rushmore Loan Management Services, LLC (Rushmore); Nationstar Mortgage, LLC d/b/a Rushmore Servicing (Nationstar); Wilmington Savings Fund, FSB, not in its individual capacity but solely as Owner Trustee for CSMC 2022-RPL2 Trust (Wilmington Savings); DLJ Mortgage Capital, Inc. (DLJ Mortgage); U.S. Bank National Association, not in its individual capacity but Solely as Trustee for RMAC Trust, Series 2016-CTT (U.S. Bank National Association); John Doe Servicing Vendors 1-10; John Doe Property Preservation Vendors 1-10; and John Doe Credit Reporting Agents 1-10 as Defendants. *See* ECF No. 1 at 1, 3.

In a Proper Form Order dated May 8, 2026, Plaintiffs were given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and

possible service of process. Plaintiffs were warned that failure to provide the necessary information[1] within the timetable set forth in the Proper Form Order would subject the case to dismissal. *See* ECF No. 8.

The time to bring this case into proper form has now lapsed, and Plaintiffs have not provided the necessary documents to bring their case into proper form. Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Plaintiffs at their last known address. If Plaintiffs satisfy the requirements for proceeding with this case as is set forth in the Proper Form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** However, if Plaintiffs fail to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from

[1] The necessary information to be provided by Plaintiffs included payment of the $405 filing fee ($350 filing fee plus the $55 administrative fee) or, if they believed they were indigent, submission of a Form AO-239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)) with an answer to the Court's Special Interrogatory; a summons form listing Defendants Rushmore, Nationstar, Wilmington Savings, DLJ Mortgage, and U.S. Bank National Association; and their answer to Local Civil Rule 2601 (D.S.C.) interrogatories. Additionally, if Plaintiffs submitted a Form AO-239 and their answer to the Special Interrogatory, they were also directed to complete and sign a Form USM-285 for each Defendant (Defendants Rushmore, Nationstar, Wilmington Savings, DLJ Mortgage, and U.S. Bank National Association). *See* ECF No. 8.

the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning).[2]

**The parties are also referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

July 10, 2026
Charleston, South Carolina

[2]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).